RE: BOISE CITY FARMERS COOPERATIVE — CLAIMS AGAINST OKLAHOMA GRAIN STORAGE INDEMNITY FUND; REQUEST FOR ATTORNEY GENERAL OPINION
THIS CORRESPONDENCE IS IN RESPONSE TO YOUR REQUEST OF MARCH 28, 1988, FOR AN ATTORNEY GENERAL'S OPINION REGARDING SEVERAL ISSUES INVOLVED IN PROCESSING CLAIMS ARISING FROM THE BOISE CITY FARMERS COOPERATIVE PRODUCERS' CLAIMS WHICH HAVE BEEN FILED AGAINST THE OKLAHOMA GRAIN STORAGE INDEMNITY FUND. ATTORNEY GENERAL HENRY HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
AFTER REVIEW OF THE SUBJECT MATTER INVOLVED IN YOUR REQUEST, AS WELL AS THE HISTORY OF THE ADMINISTRATIVE AND JUDICIAL PROCEEDINGS WHICH HAVE AND ARE OCCURRING IN THIS MATTER, I MUST ADVISE YOU THAT WE CANNOT ISSUE A FORMAL OPINION IN THIS MATTER. THIS CONCLUSION IS REACHED FOR SEVERAL REASONS.
STANLEY ED MANSKE AS TRUSTEE OF BOISE CITY FARMERS COOPERATIVE V. OKLAHOMA BOARD OF AGRICULTURE, CASE NO. C-8511, DISTRICT COURT OF CIMARRON COUNTY, IS A CIVIL ACTION WHICH, ALTHOUGH COMMENCED IN 1985, WAS AN APPEAL OF A BOARD OF AGRICULTURE DECISION MADE ON-PRODUCERS' CLAIMS FILED AGAINST THE OKLAHOMA GRAIN STORAGE INDEMNITY FUND AS EARLY AS 1980. THE MANSKE CASE WAS TAKEN ON APPEAL TO THE OKLAHOMA COURT OF APPEALS WHICH, IN ESSENCE, DECIDED IN FAVOR OF THE PRODUCERS. THAT DECISION IS NOW FINAL. ON FEBRUARY 18, 1988, THE DISTRICT COURT OF CIMARRON COUNTY ENTERED ITS ORDER DIRECTING THE SPREADING OF MANDATE AND ORDERING THE BOARD TO MAKE IMMEDIATE PAYMENT TO THE PRODUCERS FROM THE INDEMNITY FUND.
IT HAS COME TO OUR ATTENTION THAT ON MARCH 28, 1988, THE DEPARTMENT FILED A STATUS REPORT WITH THE CIMARRON COUNTY DISTRICT COURT, AND THEN ON MARCH 31, 1988, THE DEPARTMENT'S COUNSEL FILED A MOTION TO MODIFY IN PART THE ORDER SPREADING MANDATE AND DIRECTING PAYMENT. BOTH PLEADINGS ADVISED THE COURT THAT THE DEPARTMENT WAS ASKING THIS OFFICE FOR A RULING UPON ISSUES IT DESIRED TO RAISE. YOUR REQUEST FOR AN OPINION INVOLVES THESE ISSUES NOW PENDING IN LITIGATION IN THE DISTRICT COURT OF CIMARRON COUNTY. WE MUST ADVISE YOU THAT WE ARE STATUTORILY FORBIDDEN FROM RENDERING AN OPINION IN SUCH CASES. THE PROPER FORUM FOR DECIDING ISSUES INVOLVED IN PENDING LITIGATION IS THE JUDICIAL FORUM.
EVEN IF OUR OFFICE HAD THE POWER OR AUTHORITY TO RENDER AN OPINION ON THE QUESTIONS YOU HAVE RAISED, WE WOULD NOT DO SO, FOR TO DO SO WOULD BE TO IMPROPERLY INVADE THE PROVINCE OF THE COURT'S JURISDICTION. THIS OFFICE WILL NOT INTERVENE IN THE JUDICIAL PROCESS BY WAY OF AN OFFICIAL OPINION ON THOSE MATTERS INVOLVED IN PENDING LITIGATION.
THE ASSISTANT ATTORNEY GENERAL ASSIGNED AS LIAISON COUNSEL TO YOUR AGENCY, MS. HIPP, PREVIOUSLY RENDERED YOU INFORMED ADVICE WITH REFERENCE TO THE QUESTIONS POSED BY YOUR MARCH 28, 1988 CORRESPONDENCE. HER PREVIOUS CORRESPONDENCE TO -YOU, SPECIFICALLY OF FEBRUARY 9, 1988, MARCH 1, 1988 AND MARCH 8, 1988, ADDRESS THE QUESTIONS YOU HAVE RAISED, ALBEIT INFORMALLY. UNFORTUNATELY, UNDER THE CIRCUMSTANCES, THIS OFFICE CANNOT MAKE ITS ADVICE TO YOU IN A MORE FORMAL MANNER.
BY WAY OF A COPY OF THIS CORRESPONDENCE, WE ARE HEREBY ADVISING THE JUDGE OF THE DISTRICT COURT OF CIMARRON COUNTY PRESIDING IN THE MANSKE CASE OF OUR RESPONSE TO YOUR REQUEST FOR AN OPINION.
I AM SORRY WE COULD NOT BE OF MORE HELP TO YOU. PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE IF YOU HAVE QUESTIONS ABOUT THIS LETTER, OR THE REASONS BEHIND OUR DECLINATION TO RESPOND SUBSTANTIVELY TO YOUR LETTER.
(MICHAEL SCOTT FERN)